UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-57-FDW

| | |
|---|---|
| LYNETTE COLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CHARLOTTE MECKLENBURG SCHOOL )<br>DISTRICT, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff Lynnette B. Cole, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on January 28, 2012. In this action, Plaintiff alleges that Defendant Charlotte Mecklenburg School District terminated her employment in November 2012 based on her mental disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

The Court first considers Plaintiff's in forma pauperis application. See (Doc. No. 2). The Court has considered Plaintiff's affidavit, in which she attests that within the past twelve months she has had an average monthly income of $10,000 through her employment, $3000 in monthly income through self-employment, and that she has received $5000 in gifts. Plaintiff alleges that she expects to receive no income next month, but she expects to receive $500 in gifts, and $1132 in unemployment payments.

Plaintiff further attests that from August 2012 through November 2012, she received $2700 in gross monthly pay from her employment with Charlotte-Mecklenburg Schools, and that

from December 2011 to July 2012, she received $800 in gross monthly pay.

Plaintiff has listed her monthly expenses, which total $1345. Plaintiff further attests that she has $125 in a checking account, and $125 in cash. Plaintiff does not indicate whether she has a spouse or minor dependents. Therefore, it appears that there is one person in Plaintiff's household. Finally, Plaintiff states, "I am in a state of extreme financial hardship as a result of the defendant Charlotte Mecklenburg School District." (Doc. No. 2 at 5).

Because Plaintiff has attested in her IFP motion that she has received a monthly income of $10,000 within the past twelve months, it appears that Plaintiff clearly has sufficient funds with which to pay the filing fee. Most likely, Plaintiff's statement regarding her monthly income was a typographical error. The Court will, therefore, allow Plaintiff to correct and re-submit her IFP motion before the Court rules on the motion.

Next, the Court notes that Plaintiff's Complaint suffers from several deficiencies. First, although Petitioner alleges that she filed EEOC charges and that she received her EEOC Notice Right to Sue Letter on January 18, 2013, she has not attached the letter, nor has she attached the formal Notice of Charge of Discrimination that she filed with the EEOC. Even more significantly, although Plaintiff alleges in the Complaint that she suffers from a "mental disability," she does not identity the disability anywhere in her Complaint.

Before going forward with the initial review of Plaintiff's Complaint, this Court will require Plaintiff to furnish the Court with the EEOC Notice of Charge and Notice of the Right to Sue letter so that the Court may determine the scope of this lawsuit. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination [before the EEOC] generally operate to limit the scope of any subsequent judicial complaint."). Plaintiff is also encouraged to amend her Complaint to

identify the disability from which she allegedly suffers.

        **IT IS, THEREFORE, ORDERED that:**

1. Plaintiff has 20 days from entry of this Order in which to resubmit her IFP application with any corrections she wishes to make. If Plaintiff does not resubmit her IFP application within 20 days of entry of this Order, the Court will consider her original IFP application in determining her IFP status.

2. Plaintiff shall also, within 20 days of entry of this Order, furnish the Court with the Notice of Charge that she filed with the EEOC, as well as the Notice of the Right to Sue letter. Finally, Plaintiff is encouraged to submit an Amended Complaint that identifies the disability from which she allegedly suffers, and for which she was allegedly terminated from employment.

3. If Plaintiff fails to comply with this Order, the Complaint shall be subject to dismissal without further notice.

Signed: March 11, 2013

Frank D. Whitney
United States District Judge