# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-057-DCK

| | |
|---|---|
| LYNNETTE COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLOTTE MECKLENBURG SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Waive Mediation Fees" (Document No. 27) filed October 9, 2013. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of this motion is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

On July 17, 2013, the parties filed a "Certification And Report Of F.R.C.P. 26(f) Conference And Proposed Discovery Plan" (Document No. 11) indicating that their chosen form of alternative dispute resolution ("ADR") was "Mediated Settlement Conference," and that the selected "ADR procedure would be most useful if conducted: [a]fter the completion of discovery." (Document No. 11, pp.2-3). The "Pretrial Order And Case Management Plan" (Document No. 14) requires discovery to be completed by December 1, 2013, and a report on the result of the parties' ADR to be filed on or before December 15, 2013.

The "Report Of The Parties' Joint Selection Of A Mediator" (Document No. 21) was filed on September 13, 2013, stating that the parties "have selected and agreed upon" Mr. Gary S. Hemric as their mediator in this matter. Plaintiff's "Opposition To Defendant's Motion To

Extend Discovery And Motions Deadlines" (Document No. 31) on October 16, 2013, indicates in pertinent part that the parties have scheduled a mediated settlement conference for October 29, 2013.[1] The undersigned notes that Defendant has not yet filed a response to the pending "Motion To Waive Mediation Fees" and that no response is due until October 28, 2013; however, based on the parties' scheduled mediation with Mr. Hemric on October 29, 2013, and in the interest of efficient case management, the undersigned finds that an immediate ruling on the pending motion is required.

Plaintiff's "Motion To Waive Mediation Fees" appears to rely on North Carolina Rule of Civil Procedure 101.b(c). (Document No. 27, p.1). Plaintiff does not cite any federal rule or other binding legal authority, and the undersigned is aware of none, suggesting that such relief is available before this Court. Moreover, to the extent the parties have chosen mediation as their ADR procedure and have selected Mr. Hemric as their mediator, the undersigned finds that the issue of Mr. Hemric's fees is a matter best determined by Mr. Hemric and the parties.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Waive Mediation Fees" (Document No. 27) is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by registered U.S. Mail, return receipt requested; and a copy to Mr. Gary S. Hemric, at James, McElroy & Diehl, P.A., 600 South College Street, Charlotte, NC 28202 by standard U.S. Mail.

**SO ORDERED**.

---

[1] Plaintiff also states that "the deadline for Defendant to respond to *Plaintiff's Motion for Summary Judgment* is Dec. 2, 2013." (Document No. 31, p.2). However, since "Plaintiff's Motion For Summary Judgment…" (Document No. 15) was denied without prejudice, there is no deadline for Defendant to respond to that motion. (Document No. 17, p.2). Rather, the Court has directed that Plaintiff may re-file a motion for summary judgment "at a later date, following the completion of discovery and mediation." Id.

Signed: October 17, 2013

David C. Keesler
United States Magistrate Judge