**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:13-CV-057-DCK**

| | |
|---|---|
| LYNNETTE COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CHARLOTTE MECKLENBURG SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** regarding "Defendant's Motion To Compel Discovery" (Document No. 24) filed September 27, 2013. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of this matter is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

*Pro se* Plaintiff's response to the pending motion was initially due on or before October 15, 2013. Plaintiff failed to file any response, or request for additional time to do so. Nevertheless, on October 16, 2013, the undersigned issued an "Order" (Document No. 30) allowing Plaintiff an additional ten (10) days "up to and including **October 25, 2013** to file a response to "Defendant's Motion To Compel Discovery" (Document No. 24)." To date, Plaintiff has still failed to file any response to this pending motion, and the time to do has lapsed.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and

> location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A). Likewise, if a motion is denied, the Court may award reasonable expenses, including attorney's fees, to the party opposing the motion. Fed.R.Civ.P. 37(a)(5)(B).

## DISCUSSION

According to "Defendant's Motion To Compel Discovery" (Document No. 24), Defendant served Plaintiff with its "…First Set Of Interrogatories To Plaintiff" and its "…First Request For Production Of Documents" on August 19, 2013. See (Document No. 24-1).

2

Defendant asserts that Plaintiff's responses were due by September 23, 2013, but Plaintiff has failed to provide any response to Defendant's written discovery requests. (Document No. 24). In support of its motion Defendant cites Federal Rules of Civil Procedure 33 and 34, which require a responding party to "serve its answers and any objections within 30 days" to interrogatories, and to "respond in writing within 30 days" to requests for production of documents. See Fed.R.Civ.P. 33(b) and 34(b)(2).

As noted above, Plaintiff has failed to file any response to "Defendant's Motion To Compel Discovery" (Document No. 24) despite being allowed additional time to respond. The undersigned observes that Plaintiff did file a "Motion For Protective Order" (Document No. 26) on September 30, 2013, which argues that Defendant's discovery requests are "irrelevant, burdensome, and or repetitive of information previously disclosed." (Document No. 26, p.2). Defendant filed a timely "…Response To Plaintiff's Motion For Protective Order" (Document No. 33) on October 18, 2013. As such, Plaintiff's "Motion For Protective Order" is not yet ripe since her reply brief is currently due on or before October 28, 2013.

Plaintiff has not argued, and the Court is not inclined to find, that Plaintiff's "Motion For Protective Order" (Document No. 26) can be construed as a response to "Defendant's Motion To Compel Discovery" (Document No. 24). Moreover, the undersigned has reviewed Defendant's discovery requests and is not persuaded that they are "irrelevant, burdensome, and or repetitive of information previously disclosed." See (Document No. 24-1). As stated above in the Standard Of Review, the rules of discovery are to be "accorded broad and liberal construction" and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Even if Plaintiff objects to Defendant's discovery requests, she is still required to provide timely written responses,

specifically stating the grounds for such objections, in accordance with Federal Rules of Civil Procedure 33 and 34.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel Discovery" (Document No. 24) is **GRANTED**. Plaintiff shall serve Defendant with full and complete responses to "Defendant's First Set Of Interrogatories To Plaintiff" and "Defendant's First Request For Production Of Documents" on or before **November 8, 2013**. Plaintiff is respectfully advised that failure to fully participate in discovery in this lawsuit in accordance with Federal Rules of Civil Procedure may lead to sanctions, including the dismissal of this lawsuit. See Fed.R.Civ.P. 37.

The Clerk of Court is directed to send a copy of this Order to Plaintiff by registered U.S. Mail, return receipt requested.

**SO ORDERED**.

Signed: October 28, 2013

David C. Keesler
United States Magistrate Judge